USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _05/24/2016_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
ALEXIS PEREZ,                       :
                                    :
                    Petitioner,     :
                                    :     No. 15 Civ. 5089 (JFK)
     -against-                      :
                                    :     **OPINION & ORDER**
OSCAR AVILES, JEH JOHNSON,          :
LORETTA E. LYNCH, CHRISTOPHER       :
SHANAHAN, and the U.S. DEPARTMENT   :
OF HOMELAND SECURITY,               :
                                    :
                    Respondents.    :
-----------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Petitioner Alexis Perez, a non-citizen who is currently in the custody of the Department of Homeland Security ("DHS"), petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241, challenging DHS's authority to detain him without bond. For the reasons set forth below, Perez's petition is denied.

### Background

Perez is a 46-year-old citizen of the Dominican Republic. (Notice to Appear, ECF No. 9-1, at 1, 3 [hereinafter NTA].)  On April 27, 1999, Perez was granted status as a lawful permanent resident ("LPR") of the United States. (Id. at 3.)  In 2001, he pleaded guilty in New York State Supreme Court to attempted criminal sale of a controlled substance in the third degree and petit larceny and was sentenced to nine months' imprisonment in

connection with each offense, to run concurrently. (Id.; ECF No. 18-1 at 4-5, 8.)

On December 29, 2012, Perez arrived at JFK International Airport ("JFK Airport") from the Dominican Republic seeking admission as a lawful permanent resident. (Id.)  Perez asserts that, prior to his arrival, he had been gone from the country for 29 days. (Letter from Paul B. Grotas, Esq. to Hon. John F. Keenan (Mar. 4, 2016), ECF No. 19, at 1 [hereinafter Grotas letter].)  Immigration officials at JFK Airport allowed Perez to physically enter the country through the legal mechanism of parole, but denied him admission. (Letter from Assistant U.S. Attorney Shane Cargo to Hon. John F. Keenan (Mar. 4, 2016), ECF No. 18, at 2.)

Following his parole into the country, the New York Police Department arrested Perez on unrelated criminal charges and held him at Riker's Island Prison. (Grotas letter at 2.)  The charges were subsequently dismissed and Perez was transferred to the custody of DHS on May 15, 2013. (Id.)  DHS charged Perez with being an inadmissible "arriving alien" based on his 2001 convictions and detained him for removal proceedings. (NTA at 1, 3.)

On July 12, 2013, Perez filed an application with the Executive Office of Immigration Review (the "Immigration Court") for asylum and withholding of removal. (See Decision of Thomas

J. Mulligan, Immigration Judge (Jan. 12, 2016), ECF No. 15-2, at
2 [hereinafter January 12, 2016 decision].)  On February 7,
2014, Perez's 2001 conviction for criminal sale of a controlled
substance in the third degree was vacated upon his motion in New
York State Supreme Court. (Id.)  The petit larceny conviction
was not affected. (Id.)  That same day, Perez pleaded guilty to
criminal possession of a controlled substance in the fourth
degree. (Id.)  On April 16, 2014, DHS amended the charges of
removability against Perez, substituting Perez's new conviction
for the 2001 drug conviction. (Id.)

On August 12, 2014, the Immigration Court denied Perez's
applications for relief, found him inadmissible based on his
criminal convictions, and issued a written decision ordering him
removed. (See Decision of the Board of Immigration Appeals (May
27, 2015), ECF No. 4-1, at 1 n.1 [hereinafter May 27, 2015
decision].)  Perez appealed that decision to the Board of
Immigration Appeals ("BIA"), which dismissed the action on the
basis that Perez had knowingly and voluntarily waived his right
to appeal. (Id.)  Perez then filed a motion to reopen his case
with the Immigration Court, which DHS joined for the purpose of
allowing Perez to appeal the Immigration Court's August 12, 2014
decision. (Id.)  The Immigration Court reopened the case on
December 16, 2014, and reissued its prior decision, allowing
Perez to appeal. (Id.)  While the appeal was pending, DHS denied

Perez's application for discretionary release from custody on
parole. (See Letter from Christopher Shanahan, Field Office
Dir., Immigration and Customs Enforcement to Paul Grotas, Esq.
(Feb. 12, 2015), ECF No. 12-1.)

On appeal, the BIA remanded the case to the Immigration
Court for clarification of its decision and consideration of a
recently issued precedential BIA decision. (See May 27, 2015
decision at 3.)  On January 12, 2016, the Immigration Court
again found Perez inadmissible and ordered him removed to the
Dominican Republic. (See January 12, 2016 decision.)  The BIA
dismissed Perez's appeal of that order on May 11, 2016.

## Discussion

Perez challenges his continued detention without bond under
8 U.S.C. § 1225(b) by way of habeas corpus review under 28
U.S.C. § 2241, which "authorizes a district court to grant a
writ of habeas corpus whenever a petitioner is 'in custody in
violation of the Constitution or laws or treaties of the United
States.'" Wang v. Ashcroft, 320 F.3d 130, 140 (2d Cir. 2003)
(quoting 28 U.S.C. § 2241(c)(3)).  Specifically, Perez contends
that DHS is detaining him without statutory authority and in
violation of his constitutional right to due process.

As a preliminary matter, the Court notes that in a letter
dated May 19, 2016 (ECF No. 21), the Government contends that
Perez's arguments challenging his detention under § 1225(b) are

4

moot in light of the BIA's May 11, 2016 dismissal of Perez's
appeal of his removal order.  According to the Government,
authority for Perez's petition has now shifted to 8 U.S.C.
§ 1231(a), which requires detention during a 90-day "removal
period" for aliens ordered removed. See § 1231(a)(2).

Section 1231(a)(1)(B) governs the determination of when
detention during removal proceedings ends and the "removal
period" begins.  That provision states:

> The removal period begins on the <u>latest</u> of the
> following:
> > **(i)** The date the order of removal becomes
> > administratively final.
> > **(ii)** If the removal order is judicially
> > reviewed and if a court orders a stay of
> > the removal of the alien, the date of the
> > court's final order.
> > **(iii)** If the alien is detained or
> > confined (except under an immigration
> > process), the date the alien is released
> > from    detention    or    confinement.

<u>Id.</u> § 1231(a)(1)(B) (emphasis added).

In this case, Perez's order of removal became
administratively final on May 11, 2016, when the BIA dismissed
his appeal. <u>See</u> 8 C.F.R. § 1241.1(a).  However, Perez retains
the right to seek judicial review and a stay of that order from
the Second Circuit Court of Appeals within 30 days of the BIA
dismissal. <u>See</u> 8 U.S.C. § 1252(b)(1).  Thus, pursuant to
§ 1231(a)(1)(B)(ii), it is not clear that the removal period has
begun.  In light of this procedural posture, the Court proceeds

to address Perez's arguments challenging his detention under § 1225(b).

Section 1225(b) sets forth procedures for the inspection and detention of aliens who are "applicants for admission" to the United States. See 8 U.S.C. § 1225(a)(1), (b).  Under § 1225(b), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title [i.e., a removal proceeding]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added).  The only prescribed mechanism for release from § 1225(b) custody is under 8 U.S.C. § 1182(d)(5)(A), which provides in pertinent part that "[t]he Attorney General may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . ."

As an arriving alien determined to be inadmissible based on a prior criminal conviction, Perez is regarded as "seeking an admission," see 8 U.S.C. § 1101(a)(13)(C)(v), and is therefore subject to § 1225(b).  Because he is "not clearly and beyond a doubt entitled to be admitted," Perez has been detained under § 1225(b) during his removal proceedings.  Perez has sought release on parole, but DHS denied his request.

Perez argues that his continued detention is beyond the scope of § 1225(b) and unconstitutional.  In so arguing, Perez relies on Lora v. Shanahan, 804 F.3d 601 (2d Cir. 2015), which construed a separate provision, 8 U.S.C. § 1226(c), to authorize detention only for a period of six months, after which time an alien is entitled to a bond hearing. Id. at 613-16.  Based on Lora, Perez argues that § 1225(b) should be interpreted to require a bond hearing in connection with his further detention.  Alternatively, Perez contends that § 1225(b) is unconstitutional as applied.  In either case, Perez seeks an order from this Court directing that he be afforded an individualized bond hearing.

Perez is not entitled to the relief he seeks.  Perez points to, and the Court has found, no case within this Circuit holding that detention under § 1225(b) is implicitly time limited or requires a bond hearing.  Rather, courts within this Circuit have, both before and after Lora, consistently found that § 1225(b) authorizes the detention of inadmissible arriving aliens during the pendency of their removal proceedings. See Cardona v. Nalls-Castillo, No. 15-CV-9866 (SAS), 2016 WL 1553430, at *1 (S.D.N.Y. Apr. 14, 2016) (denying LPR's petition for bond hearing under Lora and holding that § 1225(b)(2)(A) authorized his continued detention during removal proceedings); Salim v. Tryon, No. 13-CV-6659-JTC, 2014 WL 1664413, at *2

7

(W.D.N.Y. Apr. 25, 2014) (finding LPR was lawfully detained during removal proceedings under § 1225(b)(2)(A)); Ferreras v. Ashcroft, 160 F. Supp. 2d 617, 622-27 (S.D.N.Y. 2001) (holding the same with respect to LPR detained for over 15 months); see also Viknesrajah v. Koson, No. 09-CV-6442 CJS, 2011 WL 147901, at *5-6 (W.D.N.Y. Jan. 18, 2011) (finding that a different subsection of § 1225(b) authorized continued detention of alien in custody for 27 months during removal proceedings).

Further, Perez's detention under § 1225(b) does not violate due process.  An alien has a substantive due process right to be free from arbitrary or unreasonable confinement during removal proceedings. See Demore v. Kim, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring) ("[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."); Doherty v. Thornburgh, 943 F.2d 204, 209 (2d Cir. 1991).  That right extends to arriving aliens previously granted lawful permanent residence, at least where the alien's absence from the country is brief. See Ferreras, 160 F. Supp. 2d at 629; see also Landon v. Plasencia, 459 U.S. 21, 33-34 (1982) (recognizing that LPR had procedural due process rights in connection with exclusion proceedings following brief trip

abroad).  Here, however, Perez's detention has not been arbitrary or unreasonable.  While Perez's detention has been lengthy, there is no indication of an "unreasonable delay" by DHS in pursuing or completing Perez's removal. Demore, 538 U.S. at 532 (Kennedy, J., concurring).  Rather, the length of Perez's detention has largely been due to his own appeals.  Although Perez has acted within his rights in challenging his removal orders, he "may not rely on the extra time resulting therefrom to claim that his prolonged detention violates substantive due process." Doherty, 943 F.2d 204, 211 (2d Cir. 1991); see also Abassi v. Sec'y, Dep't of Homeland Sec., No. 09 CIV. 7605(PKC), 2010 WL 199700, at *4 (S.D.N.Y. Jan. 11, 2010).

Accordingly, Perez's petition for a writ of habeas corpus is denied.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:    New York, New York
          May 24, 2016

                              _John F. Keenan_
                              JOHN F. KEENAN
                              United States District Judge